## Lary *v.* Evans, Trustee.

A plea in abatement for a defect in the service of a writ by copy must crave oyer of the writ, declaration and officer's return, set them out at length, and also make profert of and enrol the copy served. Unless the copy be enrolled and made part of the record, there is nothing in the record to confirm or refute the allegations of the plea, and show whether the officer's return is true or false, and consequently no basis for a judgment of the courts upon those allegations.

PLEA IN ABATEMENT. Evans, having been summoned as trustee of one Jonathan Lary, at the November term, 1856, of

Lary *v.* Evans.

the Court of Common Pleas for this county, appeared at that term and filed a plea in abatement, as follows :

" And the said Daniel Evans comes and defends, &c., when, &c., and craves oyer of the plaintiff's said writ and declaration, and special deputation and officer's return thereon."

Here the writ was copied, as also a special deputation to Abram Cole to serve the writ, and the officer's return, in the following words :

" Coos ss.: July 2, 1856.

I then summoned the within named Daniel M. Head, Daniel Evans and Stephen Farrington, as within commanded, by giving to each of them in hand a true and attested copy of this writ; and thes aid Jonathan Lary, not being found in my precinct, I have made no further service of this writ.

Fees, &c.                        ABRAM COLE, *Dept. Sheriff.*"

Whereupon the said Daniel Evans, summoned as trustee aforesaid, prays judgment of the writ aforesaid, and that the same may be abated, because he says that the copy of the plaintiff's writ, delivered to him by the officer who served the same, is not a true copy, in this, that the same shows no seal of the court from whence the plaintiff's writ was issued, and that the same is not in any way an attested copy of the plaintiff's writ aforesaid ; and without this that no service of the plaintiff's has ever been made upon him in any manner whatever, and this he is ready to verify ; wherefore he prays judgment of the same writ, that it may be quashed, and for his costs.                    DANIEL EVANS,

By J. BENTON, *Att'y.*

To this plea there was a general demurrer and joinder.

*B. F. Whidden*, for the plaintiff.

1. The trustee's plea is bad.   It assigns two causes for abatement.   Its language is, " That the copy of the plaintiff's writ, delivered to him by the officer who served the same, is not a true copy, in this, that the same shows no seal of the court from whence the plaintiff's writ was issued, *and* that the same is not in any

Lary *v.* Evans.

way an attested copy of the plaintiff's writ aforesaid." The plea is double. Stephens' Pleading 259.

2. If either of the foregoing were causes of abatement, and properly pleaded, the copy should have been enrolled. This has not been done. *Nelson* v. *Scott*, 4 N. H. 256.

3. The sheriff's return is conclusive between the parties, and the defendant trustee can not plead in abatement of the writ, by alleging matter repugnant to the return. If the return be false, his remedy is by an action for a false return against the officer. The return of a sheriff is of such high regard, that generally no averment shall be admissible against it. *Slayton* v. *Chester*, 4 Mass. 478; Comyn's Digest, Retorn, G.; *Brown* v. *Davis*, 9 N. H. 76; *Lewis* v. *Blair*, 1 N. H. 69; *Bott* v. *Buswell*, 9 Mass. 98; *Barr* v. *Satchwell*, 2 Strange 813; *Gyffords* v. *Woodgate*, 11 East 299.

4. The plaintiff need never demur specially to a plea in abatement. *Lloyd* v. *Williams*, 2 M. & S. 484; 2 Saunders, 2, b, n, k.

*J. Benton*, for the trustee.

FOWLER, J. Three objections to the sufficiency of the plea in abatement in the present case have been urged by the plaintiff's counsel, to only one of which have we deemed it necessary to direct our attention. The plea does not enrol the copy of the writ delivered to the trustee by the officer, through errors in which the defective service, or rather want of service, is alleged to have occurred, and proposed to be shown. This is a fatal defect.

Where an insufficient summons, or one not containing the substance of the writ or declaration, is relied upon as the foundation of a plea in abatement, the defendant must crave oyer of the writ, declaration and officer's return, set them out at large, and also make profert of and enrol the summons. *Nelson* v. *Swett*, 4 N. H. 256; *Clark* v. *Brown*, 6 N. H. 434; *Lyman* v. *Dodge*, 13 N. H. 197; *Dinsmore* v. *Pendexter*, 8 Foster 18.

The same principle that requires the enrolment of a summons,

where some deficiency therein is relied upon to defeat the service and thus abate the action, requires the enrolment of the copy where service is made in that way. The design of a plea in abatement for defect of service is to enable the defendant to take advantage of the erroneous return of the officer, by avoiding the suit, instead of being compelled to resort to an action for a false return. This is accomplished by demonstrating the erroneous character of the return through the record of the court; and to this end it is indispensable that the writ, officer's return and defective summons or copy should be enrolled and become part of that record — that the court, upon inspection, where the error or defect has been specifically pointed out, may determine whether it exists; and, moreover, that if the return be erroneous or false the record itself may prove it.

The necessity of such enrolment is equally apparent, whether the service be made by summons or copy, for in both cases its object is the same — to have the record confirm or refute the allegations of the plea, and thus form a proper basis for the judgment of the court.

The ground on which a party is permitted thus to contradict the return of the officer and show a want of service of the process, is said by Lord *Coke* to be, that " where the veritie is apparent in the record, then the adverse party shall not be estopped to take advantage of the truth; for he cannot be estopped to allege the truth, when the truth appeareth of record." Coke Litt. 352, b; Comyn's Dig., Estoppel, E. 2.

In the present case the copy of the writ alleged in the return to have been delivered to the trustee, not having been enrolled and made part of the record, there is nothing on the record whereby to test the allegations of the plea, and show whether the officer's return is true or false. The " veritie" is not apparent in the record of the court, and so the officer's return must stand.

For these reasons, without adverting to the other objections taken to the plea in abatement, the demurrer must be sustained, and the defendant trustee        *Ordered to answer further.*